

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. L. L. Geren
County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:        Attention: Clarence Ferguson

Opinion No. C-1251
Re: Under Article 1052, C.C.P., providing
that the justice of the peace shall
be paid $2.50 for each criminal action
tried and finally disposed of before
him, when is the justice of the peace
entitled to his trial fee where de-
ferred judgment bond is filed by the
defendant as provided by Article 698,
C.C.P.?

Your request for opinion upon the above stated
question has been received and carefully considered by this
department.

Article 1052, Code of Criminal Procedure, reads as
follows:

"Three Dollars shall be paid by the county to
the County Judge, or Judge of the Court at Law, and
Two Dollars and fifty cents shall be paid by the
county to the Justice of the Peace, for each crimin-
al action tried and finally disposed of before him.
Provided, however, that in all counties having a
population of 20,000 or less, the Justice of the
Peace shall receive a trial fee of Three Dollars.
Such Judge or Justice shall present to the Commis-
sioners' Court of his county at a regular term
thereof, a written account specifying each criminal
action in which he claims such fee, certified by
such Judge or Justice to be correct, and filed with
the County Clerk. The Commissioners' Court shall
approve such account for such amount as they find
to be correct, and order a draft to be issued upon
the County Treasurer in favor of such judge or jus-
tice for the amount so approved. Provided the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. I. L. Geren, Page 2

Commissioners' Court shall not pay any account or
trial fees in any case tried and in which an acquit-
tal is had unless the State of Texas was represent-
ed in the trial of said cause by the County Attor-
ney, or his assistant, Criminal District Attorney
or his assistant, and the certificate of said Attor-
ney is attached to said account certifying to the
fact that said cause was tried, and the State of
Texas was represented, and that in his judgment
there was sufficient evidence in said cause to de-
mand a trial of same."

Article 698, Code of Criminal Procedure, reads as
follows:

"On each verdict of acquittal or conviction,
the proper judgment shall be entered immediately.
If acquitted the defendant shall be at once dis-
charged from all further liability upon the charge
for which he was tried; provided that, in mis-
demeanor cases where there is returned a verdict,
or a plea of guilty is entered and the punishment
assessed is by fine only, the Court may, on written
request of the defendant and for good cause shown,
defer judgment until some other day fixed by order
of the Court; but in no event shall the judgment
be deferred for a longer period of time than six
(6) months. On expiration of the time fixed by
the order of the Court, the Court or Judge thereof,
shall enter judgment on the verdict or plea and
the same shall be executed as provided by Chapter
4, Title 9, of the Code of Criminal Procedure of
the State of Texas. Provided further, that the
Court or Judge thereof, in the exercise of sound
discretion may permit the defendant where judgment
is deferred, to remain at large on his own recog-
nizance, or may require him to enter into bond in
e sum at least double the amount of the assessed
fine and costs, conditioned that the defendant and
sureties, jointly and severally, will pay such fine
and costs unless the defendant personally appears
on the day set in the order and discharges the
judgment in the manner provided by Chapter 4, Title
9 of the Code of Criminal Procedure of the State of
Texas; and for the enforcement of any judgment

entered, all writs, processes and remedies of
the Code of Criminal Procedure are made applica-
ble so far as necessary to carry out the provi-
sions of this Article."

Opinion No. 0-1759 of this department, holds among
other things, that the justice of the peace is entitled to
his trial fee when the judgment he renders becomes final in
so far as his court and jurisdiction are concerned. For
example, if a defendant was tried and found guilty, filed a
motion for new trial within the statutory time and the court
overruled the motion for new trial and the defendant filed
an appeal bond within the statutory time in order to appeal
his case from the justice to the county court, the justice's
judgment is final in so far as his court is concerned and
he is entitled to his fee, regardless of the final outcome
of the case in the county court or in the court of criminal
appeals. We enclose herewith a copy of opinion No. 0-1759
of this department.

You are respectfully advised that it is the opinion
of this department that under the facts stated in your ques-
tion the justice of the peace would not be entitled to his
trial fee until the deferred judgment was entered and there-
after the statutory time had elapsed to make it final in so
far as his jurisdiction was concerned.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURE

APPROVEDAPR 1, 1940

ATTORNEY GENERAL OF TEXAS

